UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SHERI BOWLES, in her official capacity as Director of the Massachusetts Department of Industrial Accidents, *et al.*,<br><br>Defendants. | Civil Action No. 1:26-cv-11097-ADB<br><br>**Leave To File Granted On 4/29/2026 (Dkt. No. 27)** |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF
COMMONWEALTH DEFENDANTS' MOTION TO DISMISS**

The Commonwealth Defendants[1] submit this reply memorandum in further support of

their motion to dismiss (Dkt. No. 14).[2]

**I.    HARTFORD'S ATTEMPTS TO AVOID THE SUPREME COURT'S HOLDING
IN *KNICK* FAIL**

In *Knick v. Township of Scott, Pa.*, the Supreme Court held that, "[a]s long as an adequate

provision for obtaining just compensation exists, there is no basis to enjoin the government's

---

[1] Unless otherwise indicated, capitalized terms shall have the meaning ascribed to them in the Memorandum in Support of Commonwealth Defendants' Motion to Dismiss (Dkt. No. 15).

[2] Hartford prematurely argues the merits of its claims in its Opposition. Plaintiff's Memorandum of Law in Opposition to the Commonwealth Defendants' Motion to Dismiss ("Opp.") at 1-2. While the present motion does not address the merits, the Commonwealth Defendants note that their requests for coverage from Hartford are consistent with the Massachusetts workers' compensation statutes and case law. *See*, *e.g.*, *Janocha's Case*, 93 Mass. App. Ct. 179 (2018) (statutory scheme required reinsurer to cover workers' compensation claims below policy retention where bond was exhausted and employer/self-insurer was bankrupt). The Commonwealth Defendants reiterate that, while they address Hartford's "taking" allegations for purposes of this motion to dismiss, the present dispute presents straightforward issues of statutory and contract interpretation, not a constitutional controversy.

action effecting a taking." 588 U.S. 180, 201 (2019). Hartford essentially ignores this binding authority. It only references *Knick* in a footnote and only then to attempt to argue that *Knick* supports its position by "recogniz[ing] that 'the self-executing Fifth Amendment' permits injured parties like Hartford to 'bring a federal suit at [the] time' of the taking." Opp. at n.9. Hartford, however, glosses over the fact that the actionable federal court claim that the Supreme Court recognized does not include injunctive or equitable relief "[a]s long as an adequate provision for obtaining just compensation exists." *Knick*, 588 U.S. at 185, 201. Because Hartford has multiple adequate avenues through which to seek just compensation, *see infra* at II, its Fifth Amendment takings claim fails.

## II.    HARTFORD HAS AN ADEQUATE REMEDY AT LAW

There are multiple avenues that Hartford may pursue in state court to seek its legal remedy. First, the workers' compensation statutory scheme (M.G.L. c. 152) provides the framework within which claims for benefits are addressed. Once an insurer receives notice of an injury for which benefits are sought (M.G.L. c. 152, § 6), the insurer has 14 days within which to begin paying benefits or notify the employee, employer and the Commonwealth's Department of Industrial Accidents ("DIA") of its refusal to pay benefits by filing a formal denial (M.G.L. c. 152, § 7). Where the insurer declines to pay benefits, the employee files a claim with DIA, where the claim goes through conciliation and, if unresolved, is assigned to an administrative judge (AJ) for a decision requiring or denying the payment of benefits (M.G.L. c. 152, §§ 10, 10A). The AJ's decision on the claim for benefits is subject to further agency review by the Industrial Accident Reviewing Board (M.G.L. c. 152, § 11C), after which any party may appeal directly to the Massachusetts Appeals Court pursuant to M.G.L. c. 152, § 12. The Appeals Court

reviews the case under M.G.L. c. 30A, § 14, which expressly provides for the Appeals Court to determine if the agency decision violates any constitutional provision. M.G.L. c. 30A, § 14(7)(a).

An adverse decision to Hartford regarding a Steward workers' compensation claim in these administrative proceedings would constitute the purported "taking" of which Hartford complains in this action. As an insurer under M.G.L. c. 152, Hartford has the right and opportunity to participate in these administrative proceedings, and any subsequent proceedings in the Appeals Court, and raise the issues set forth in its complaint in this action.

Second, Hartford may file an action in state court asserting federal and state constitutional claims. Contrary to Hartford's arguments, Opp. at 12, Massachusetts state courts provide an avenue to pursue takings claims under the U.S. Constitution, including claims involving money or other economic interests not tied directly to tangible property. *See*, *e.g.*, *Carney v. Attorney General*, 451 Mass. 803 (2008) (Supreme Judicial Court considers Fifth Amendment takings claim by owners of dog tracks alleging that ballot petition outlawing dog racing constituted taking of their expectation of renewal of their racing licenses); *Dimino v. Secretary of the Commonwealth*, 427 Mass. 704, 708-709 (1998) (deciding claim under federal and state constitutions where bondholders of Massachusetts Turnpike Authority alleged that eliminating collection of tolls constituted a taking of their right to the Turnpike's revenue).

Hartford suggests it has no adequate remedy at law because it faces "a fresh Takings injury" with each workers' compensation claim it is "forced to cover." Opp. at 9-10. Hartford thus implies that it would be forced to repeatedly litigate the same issues each time it is required under the workers' compensation statutory scheme to provide coverage. Hartford ignores the fact that the current dispute presents two issues common to all of the workers' compensation claims: (1) whether Hartford is required to pay claims below any self-insured retention where the ASIC

bond is inadequate, and (2) whether Hartford's 2024 reinsurance policies are obligated to provide coverage for Steward workers' compensation claims. Neither issue turns on facts unique to each claimant. Rather, once the issues are decided, principles of res judicata prevent relitigating these issues between these same parties. *See Breneman v. U.S. ex rel. F.A.A.*, 381 F.3d 33 (1st Cir. 2004) (final judgment on the merits precludes the parties from relitigating claims raised in the first action); *Bagley v. Moxley*, 407 Mass. 633, 636-638 (1990) (res judicata prevents relitigating an issue determined in an earlier action where the same issue arises in a later action).

Hartford also argues that "access to general causes of action in state courts" is not an adequate remedy. Opp. at 12. This argument lacks merit. The case cited by Hartford, *Asociacion De Subscripcion Conjunta Del Seguro De Responsabilidad Obligatorio v. Flores Galarza*, 484 F.3d 1 (1st Cir. 2007), was questioned by several justices of the First Circuit when rehearing was denied (*see id*. at 40-41) and subsequently was rejected by a First Circuit panel in *Downing/Salt Pond Partners, L.P. v. Rhode Island and Providence Plantations*, 643 F.3d 16 (1st Cir. 2011).

Finally, Hartford argues that there is no adequate legal remedy because a lawsuit to obtain compensation would require a "direct transfer of funds," which would entail "an utterly pointless set of activities." Opp. at 12-13. The cases cited by Hartford to support this argument involved Fifth Amendment takings claims where the payment of money was mandated by statute. *See Eastern Enterprises v. Apfel*, 524 U.S. 498, 514 (1998) (Coal Act mandated that coal mine operators pay amounts to Combined Fund to fund health benefits); *Flores Galarza*, 484 F.3d at 6 (statute requiring payment of insurance premiums to entity providing compulsory auto insurance). Unlike these cases, the present action does not present a purported takings claim that challenges a legislative demand or provision for the payment of money. Rather, Hartford alleges that the Commonwealth Defendants' application of state workers' compensation laws has the

-4-

effect of rendering its insurance contracts less valuable. There is no direct transfer of funds mandated by statute as was the case in *Eastern Enterprises* and *Flores Galarza*. Rather, Hartford alleges that it "contracted for, and reasonably expected to be responsible for, at most, liabilities in excess of Steward's retention" (Compl., ¶ 61), but "DIA's reinterpretation of Section 25A … deprives Hartford of vested contractual rights … and forces Hartford to undertake risks and liabilities it never assumed" and thereby "essentially 'take[s]' the contract" (Compl., ¶ 58). Hartford's claim does not involve a direct transfer of funds, and thus its pursuit of just compensation is not an utterly pointless activity.

Moreover, in *Eastern Enterprises*, the Supreme Court did not issue an injunction because "government action create[d] severe, retroactive, and unforeseeable liability for a small group of parties." Opp. at 11.[3] Rather, an injunction was required because monetary relief against the government was not an available remedy as the payments mandated by the Coal Act were paid to a private entity (the Combined Fund), not to the government. *Eastern Enterprises*, 524 U.S. at 521. Since the funds were not paid to the government, it did not hold any funds that could be paid as just compensation.[4]

Hartford bears the burden of proving that there is no adequate legal remedy. *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 18 (1st Cir. 1996); *ITyX Solutions, AG v. Kodak*

---

[3] As Hartford acknowledges, Opp. at n.10, the Supreme Court's decision in *Eastern Enterprises* was based on a due process violation, not an unlawful taking.

[4] The remaining cases cited by Hartford do not support the contention that its Fifth Amendment takings claim is not barred by the Eleventh Amendment. In *Youpee v. Babbitt* (Opp. at 11), the Ninth Circuit did not consider whether there was an adequate remedy at law or if injunctive relief was appropriate, as the government did not raise these issues. 67 F.3d 194, 198 (9th Cir. 1995). In *Fideicomiso de la Tierra del Cano Martin Pena v. Fortuño* (Opp. at 11), the taking had already occurred and the plaintiff did not seek money damages. 604 F.3d 7, 10-12 (1st Cir. 2010).

*Alaris, Inc.*, No. 1:16-cv-10250-ADB, 2016 WL 8902596 at *7-9 (D. Mass. Aug. 16, 2016).

Clearly, Hartford has failed to meet its burden.

### III.   HARTFORD'S ULTRA VIRES AND DECLARATORY JUDGMENT COUNTS ARE NOT BASED ON FEDERAL LAW

The narrow exception to Eleventh Amendment immunity under *Ex parte Young* requires prospective relief sought in federal court against an individual state official to enjoin a continuing violation of the Constitution or federal law. *See Cotto v. Campbell*, 126 F.4th 761, 772 (1st Cir. 2025). Thus, the standard is not the absence of a state law issue, but rather the presence of a violation of federal law. Only those causes of action affirmatively alleging a violation of federal law may be considered for this exception to the Eleventh Amendment immunity bar. None of Counts II (violation of Massachusetts Declaration of Rights), III (ultra vires), or IV (declaratory judgment) allege a violation of the U.S. Constitution or federal law.[5]

Hartford's ultra vires claim alleges a violation of state law, not federal law. Specifically, Hartford alleges that the Commonwealth Defendants act ultra vires "when an agency acts beyond the scope of authority conferred to it by statute." Compl., ¶ 74. The Commonwealth Defendants' authority is conferred by state statute. Hartford alleges that *state law* (M.G.L. c. 152) sets the terms on which reinsurance policies are issued (Compl., ¶ 76) and the limits to the Commonwealth Defendants' ability to require reinsurers (including Hartford) to provide coverage for workers' compensation claims (Compl., ¶¶ 77-78). As to the Steward workers' compensation claims, Hartford alleges that the Commonwealth Defendants exceed their authority under *state law* when they seek "to authorize regulatory conscription in contravention of" *state law*. Compl., ¶ 79. Count III is clearly a state law claim.

---

[5] Hartford concedes that its claim under the Massachusetts Declaration of Rights is barred by the Eleventh Amendment. *See* Opp. at n.4.

Likewise, Hartford's declaratory judgment claim is based on state law. Specifically, Hartford asks the Court to declare that (1) its policies are not liable to pay any amounts below "the Applicable Specific Retention" (Compl., ¶¶ 86.b and 86.c), (2) Steward was uninsured in 2024 (Compl., ¶ 86.d), (3) Hartford's 2024 policies are not liable to pay any claims (Compl., ¶ 86.e), and (4) the Workers' Compensation Trust Fund is obligated under state law to pay Steward workers' compensation claims after January 1, 2024 (Compl., ¶¶ 22 and 86.f). The interpretation of insurance policies is a matter of state law. *See American Policyholders Ins. Co. v. Nyacol Products, Inc.*, 989 F.2d 1256, 1262-1263 (1st Cir. 1993). While these allegations have no merit, all of them arise under state law.

To the extent the purported violation of federal law on which Hartford relies to avoid the Eleventh Amendment immunity bar to Counts III and IV is a violation of the Fifth Amendment takings clause (through Hartford's wholesale incorporation by reference of the prior allegations in the Complaint or otherwise), Counts III and IV are duplicative of Count I. Counts III and IV are based on the same set of alleged facts as Count I (*compare* Compl., ¶¶ 57-66 *with* Compl., ¶¶ 76-79 and ¶¶ 83-85) and seek the same relief (*compare* Compl., ¶ 67 *with* Compl., ¶ 80 and ¶ 86). As a result, Counts III and IV must be dismissed as duplicative of Count I. *Young v. Wells Fargo Bank, N.A.*, 717 F.3d 224, 237 (1st Cir. 2013); *BASF Corporation v. Martineaus Auto Body, Inc.*, No. 18-cv-10881-ADB, 2019 WL 383885 at *5 (D. Mass. Jan. 30, 2019).

## <u>CONCLUSION</u>

For the foregoing reasons, and those set forth in their initial memorandum, the Commonwealth Defendants respectfully request that the Court dismiss Plaintiff's Complaint insofar as it asserts claims against them.

Respectfully submitted,

ANDREA JOY CAMPBELL
MASSACHUSETTS ATTORNEY GENERAL

/s/ *Matthew M. Burke*
Matthew M. Burke, BBO #557281
Assistant Attorney General
Office of the Attorney General
Government Bureau
One Ashburton Place
Boston, MA 02108-1698
(617) 963-2216
matthew.m.burke@mass.gov

Dated: May 5, 2026                    Counsel for the Commonwealth Defendants

CERTIFICATE OF SERVICE

I, Matthew M. Burke, hereby certify that, on the date listed below, I caused this Reply In Further Support of Commonwealth Defendants' Motion to Dismiss to be served upon all counsel of record by electronic mail and/or through the Court's ECF system.

/s/ *Matthew M. Burke*
Matthew M. Burke

Dated: May 5, 2026