UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY, | § § § | |
| *Plaintiff*, | § § | |
| v. | § | Civil Action No. 1:26-cv-11097-ADB |
| | § | |
| SHERI BOWLES, in her official capacity as Director of the Massachusetts Department of Industrial Accidents, *et al.* | § § § | |
| | § | |
| *Defendants*. | § § | |
| | § | |

## **PLAINTIFF'S MOTION TO STAY**

Plaintiff Hartford Casualty Insurance Company ("Plaintiff" or "Hartford") files this Motion to Stay and respectfully states as follows:

1.      On March 3, 2026, Plaintiff filed its Complaint in this action. *See* ECF 1.

2.      On April 2, 2026, Defendants Sheri Bowles, in her official capacity as Director of the Massachusetts Department of Industrial Accidents; Lauren Jones, in her official capacity as Secretary of the Executive Office of Labor and Workforce Development of the Commonwealth of Massachusetts; and the Workers' Compensation Trust Fund (collectively, the "Commonwealth Defendants") filed a Motion to Dismiss Hartford's Complaint.  *See* ECF 14.

3.      On May 6, 2026, Defendant Atlantic Specialty Insurance Company ("ASIC") filed a Motion to Dismiss Hartford's Complaint in which it advised that ASIC has reached a settlement in principle with the Commonwealth Defendants. *See* ECF 32.  Hartford has not heard anything further regarding the status of this agreement, but understands that a potential agreement between the defendants could impact Hartford's claims.

4.   Both the Commonwealth's motion to dismiss and ASIC's motion to dismiss are fully briefed.

5.   In light of the pending settlement between the defendants, the possibility of potential amendment of the complaint or resolving the entirety of this dispute through further negotiations, Hartford respectfully requests a stay until September 25, 2026.

Hartford informed both ASIC and the Commonwealth Defendants about this motion and its requested relief, and requested that the defendants indicate if they are opposed or unopposed. ASIC does not oppose the stay.  The Commonwealth Defendants oppose the stay but do not oppose continued settlement discussions. The Commonwealth Defendants provided no specific reason for their opposition to the stay.

WHEREFORE, Hartford respectfully requests that the Court issue an order staying all requirements, deadlines, and further proceedings in this action until September 25, 2026.  A proposed order is included herewith.

Dated: June 23, 2026

Respectfully submitted,

**STEPTOE LLP**

*/s/ Sarah D. Gordon*
Sarah D. Gordon (*admitted pro hac vice*)
Michelle S. Kallen (*admitted pro hac vice*)
sgordon@steptoe.com
mkallen@steptoe.com
1330 Connecticut Avenue, NW
Washington, DC 20036
Tel: (202) 429-3000

Alexander M. Wolf (BBO # 685374)
awolf@steptoe.com
717 Texas Avenue, Suite 2800
Houston, Texas 77002
Telephone:  713-221-2300
Facsimile:  713-221-2320

*Attorneys for Plaintiff*
*Hartford Casualty Insurance Company*

## <u>LOCAL RULE 7.1(a)(2) CERTIFICATE</u>

I, Sarah D. Gordon, counsel for the Plaintiff in the above-captioned matter, hereby certify that I conferred with counsel for ASIC and the Commonwealth Defendants regarding the subject of this motion.  ASIC has stated that it does not oppose a stay. The Commonwealth Defendants oppose a stay, but are willing to continue settlement discussions.

*/s/ Sarah D. Gordon*

Sarah D. Gordon

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 23, 2026, a true and correct copy of *Plaintiff's Motion to Stay* has been served on all counsel of record via the Court's ECF system.

<u>*/s/ Sarah D. Gordon*</u>

Sarah D. Gordon