UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

HARTFORD CASUALTY INSURANCE
COMPANY,

Plaintiff,

v.

SHERI BOWLES, in her official capacity as
Director of the Massachusetts Department of
Industrial Accidents, *et al.*,

Defendants.

Civil Action No. 1:26-cv-11097-ADB

**COMMONWEALTH DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO STAY**

Pursuant to Local Rule 7.1(b)(2), Defendants Sheri Bowles, in her official capacity as

Director of the Massachusetts Department of Industrial Accidents, Lauren Jones, in her official

capacity as Secretary of the Executive Office of Labor and Workforce Development of the

Commonwealth of Massachusetts, and the Workers' Compensation Trust Fund (collectively, the

"Commonwealth Defendants") submit this Opposition to Plaintiff's Motion to Stay this action

(Dkt. No. 34).

The present action concerns the contractual obligations of Plaintiff Hartford Casualty

Insurance Company ("Hartford") to pay for workers' compensation claims by Massachusetts

employees of Steward Health Care System, LLC ("Steward"). Hartford issued workers'

compensation policies to Steward from January 1, 2019 to January 1, 2025. Compl., ¶¶ 29, 43.

Hartford seeks relief in this action with respect to two issues: (1) whether it is obligated to pay

Steward workers' compensation claims below the applicable retention ($500,000 or $750,000

per employee, depending on the policy year) in the event that there is no bond available for such

payments, whether by exhaustion or otherwise, and (2) whether its January 1, 2024-January 1, 2025 policies are enforceable and require it to provide any coverage for Steward workers' compensation claims. Compl., ¶¶ 86b, 86f.

The Massachusetts workers' compensation statutory scheme provides the framework within which claims for benefits by Steward employees are addressed. *See* Mass. Gen. Laws ch. 152; Reply Memorandum in Further Support of Commonwealth Defendants' Motion to Dismiss (Dkt. No. 30) at 2-3. Claims for workers' compensation benefits are filed with the Department of Industrial Accidents ("DIA") (Mass. Gen. Laws ch. 152, § 10), and issues regarding entitlement to benefits and the entities responsible for paying those benefits are addressed in this forum. *See* Mass. Gen. Laws ch. 152, § 10. Thus, it is in this forum that the insurance coverage issues raised by Hartford in this action should be addressed, first by an administrative judge and, if further review is sought by any party (including insurers such as Hartford), the Industrial Accident Reviewing Board and the Massachusetts Appeals Court. *See* Mass. Gen. Laws ch. 152, §§ 10, 10A, 11C, 12. In fact, the very issues raised by Hartford in this action have been the subject of decisions by the Industrial Accident Reviewing Board and the Massachusetts Appeals Court. *See, e.g., Janocha's Case*, 93 Mass. App. Ct. 179 (2018) (statutory scheme required reinsurer to cover workers' compensation claims below policy retention where bond was exhausted and employer/self-insurer was bankrupt).

Plaintiff's Motion to Stay should be denied for several independent reasons.

***First***, Hartford's initial filing of, and present effort to maintain, this action is nothing more than an attempt to secure negotiating leverage. Hartford and the Commonwealth Defendants agreed to enter into mediation in an attempt to address Hartford's responsibility for Steward workers' compensation claims. The first mediation session was January 27, 2026.

Apparently unsatisfied with the progress of the on-going mediation, and in an attempt to create settlement leverage and avoid the appropriate forum for resolving its grievances, Hartford filed this action on March 3, 2026. Notwithstanding Hartford filing this action, the Commonwealth Defendants continued with the mediation in a good faith effort to resolve the dispute, including a full-day mediation session on April 15. Hartford now seeks to maintain its perceived leverage by staying the action. It is ironic, to say the least, that Hartford seeks to justify its sought-after stay by arguing that it seeks "to promote discussion among the parties and to encourage settlement." Memorandum in Support of Plaintiff's Motion to Stay ("Stay Mem.") at 2. Hartford's conduct here should not be rewarded.

*Second*, the Commonwealth has reached an agreement in principle with Atlantic Specialty Insurance Company ("ASIC"), which issued surety bonds to the Commonwealth to cover Steward's self-insurance obligations. Hartford claims that a stay is necessary because a settlement between the Commonwealth and ASIC "could materially impact the claims in this litigation." Stay Mem. at 3. Any ASIC settlement has no impact on Hartford's claims against the Commonwealth Defendants in this action. As an initial matter, Hartford's primary claim in this action – that its 2024 policies are effectively void (Compl., ¶¶ 67, 72, 80, 86e) – has nothing whatsoever to do with ASIC or any settlement it may reach with the Commonwealth. Moreover, as to Hartford's obligations under its other policies, Hartford's counsel was told weeks ago that the full bond amount (less what ASIC already has paid with respect to the Steward workers' compensation claims) is accounted for in any ASIC settlement and will not be sought from Hartford. Hartford's obligations are not contingent on the existence or terms of any ASIC settlement. Its policies are valid and provide full coverage for Steward workers' compensation liabilities in the event that the Hartford retention limits are reached on individual claims or there

are any liabilities below those retention limits after the ASIC bond proceeds are exhausted. There has been no change in circumstances that justifies a stay of this action insofar as it relates to Hartford's claims against the Commonwealth Defendants.

*Third*, the Commonwealth Defendants filed their motion to dismiss the claims against them in this action on April 2, and briefing on this motion was completed on May 5. Although briefing has been complete for nearly two months, Hartford now contends that it "may seek to amend its complaint due to issues raised in the motions to dismiss and the potential ASIC settlement." Stay Mem. at 1. The Commonwealth Defendants' Eleventh Amendment immunity from suit bars Hartford's claims against them. *See* Memorandum in Support of Commonwealth Defendants' Motion to Dismiss (Dkt. No. 15). Their motion to dismiss is based solely on the legal issues presented by the Eleventh Amendment immunity from suit that these defendants enjoy from Hartford's purported Fifth Amendment takings claim and other claims. There are no amendments that Hartford may make to its complaint that would salvage its claims against the Commonwealth Defendants. In fact, Hartford does not identify a single specific change that it would make if it did amend its complaint, much less one that would alter the Commonwealth Defendants' pending motion to dismiss.

Contrary to Hartford's claims (Stay Mem. at 3), staying the action does not promote settlement or conserve the resources of the parties or the Court. The Commonwealth Defendants' motion to dismiss is fully briefed and ready for decision. Having forced the Commonwealth Defendants to incur the time and cost of moving to dismiss the complaint, Hartford's desire now to avoid litigation costs rings hollow. The interests of settlement are best served by the Court deciding the motion to dismiss to give the parties' certainty as to the proper forum in which

Hartford's attempts to avoid its obligations to the Steward workers' compensation claimants will be heard.

*Fourth*, Hartford claims that a stay "will prejudice no one." Stay Mem. at 2. To the contrary, numerous Steward employees have claims pending in the Massachusetts workers' compensation system. While Hartford has entered into stipulations whereby it has agreed to fund its obligations with respect to 2024 Steward workers' compensation claims under a reservation of rights, there is no guarantee or court-ordered obligation that it continue to do so. In addition, Hartford has referenced this action in oppositions it has filed to motions to join Hartford as a party in the workers' compensation claims pending before the DIA. *See, e.g.*, Hartford Casualty Insurance Company's Opposition to Employee's Motion to Join, dated June 12, 2026, filed in DIA Board No. 9108-22 (Exh. 1). It is in the best interests of the workers' compensation claimants that the proper forum for Hartford's contentions that it has no obligation to pay amounts below the retentions in its policies or any amounts under its 2024 policies be resolved as quickly as possible.

## CONCLUSION

The Commonwealth Defendants respectfully request that the Court deny Plaintiff's Motion to Stay.

-6-

Respectfully submitted,

ANDREA JOY CAMPBELL
MASSACHUSETTS ATTORNEY GENERAL

/s/ *Matthew M. Burke*
Matthew M. Burke, BBO #557281
Assistant Attorney General
Office of the Attorney General
Government Bureau
One Ashburton Place
Boston, MA 02108-1698
(617) 963-2216
matthew.m.burke@mass.gov

Dated: June 25, 2026                  Counsel for the Commonwealth Defendants

## CERTIFICATE OF SERVICE

I, Matthew M. Burke, hereby certify that, on the date listed below, I caused this Commonwealth Defendants' Opposition to Plaintiff's Motion to Stay to be served upon all counsel of record by electronic mail and/or through the Court's ECF system.

/s/ *Matthew M. Burke*
Matthew M. Burke

Dated: June 25, 2026

# EXHIBIT 1

**COMMONWEALTH OF MASSACHUSETTS**
**DEPARTMENT OF INDUSTRIAL ACCIDENTS**

| | |
|---|---|
| **EMPLOYEE:** | **NORMA MAGNELL** |
| **EMPLOYER:** | **SAINT ELIZABETH'S MEDICAL CENTER** |
| **INSURER:** | **STEWARD HEALTH CARE SYSTEM, LLC** |
| **DOL:** | **03/28/2022** |
| **BOARD NO.:** | **9108-22** |

## HARTFORD CASUALTY INSURANCE COMPANY'S OPPOSITION TO EMPLOYEE'S MOTION TO JOIN

Hartford Casualty Insurance Company ("Hartford") opposes the Motion to Join filed by Employee Norma Magnell ("Employee"), insofar as it seeks to add Hartford as a party to this matter. The Motion is a result of the confusion wrought by the bankruptcy of Insurer Steward Health Care System, LLC ("Steward"). Adding Hartford as a party serves no purpose and only adds to the confusion. As the *excess insurer,* Hartford presently has no obligations to Employee.[1] Atlantic Specialty Insurance Company ("ASIC") issued a surety bond to Steward to cover claims within Steward's self-insured retention if Steward did not pay. Employee's claim is within the Steward retention, and ASIC has been paying Employee's benefits since Steward's bankruptcy plan was approved. ASIC has not exhausted the collateral remaining under the bond to pay compensation claims. The excess policy issued by Hartford does not obligate it to issue any payments on the Employee's claim while the surety bond remains in place and the retention has not been reached. Accordingly, Employee's request to join Hartford as a party should be denied.

---

[1] This Motion does not contain an exhaustive discussion regarding the respective positions of Hartford, ASIC, and/or the Commonwealth as they relate to which party or parties is/are ultimately obligated to cover the self-insured retention layer of insurance. Out of an abundance of caution, Hartford notes its continuing reservation of all arguments regarding its rights, remedies, and without limitation, defenses. Hartford further notes that these issues are currently being litigated in Massachusetts federal district court in *Hartford Cas. Ins. Co. v. Sheri Bowles, et al.*, Civil Action No. 1:26-cv-11097.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The Massachusetts workers' compensation regime requires employers who wish to self-insure to either furnish a bond running to the Commonwealth or deposit securities with the Commonwealth. *See* M.G.L.A. 152, §§ 25A(2)(a)–(b); *see also* 452 CMR 5.03(1) ("As a condition precedent to the issuance of a license to self insure the employer shall either deposit securities or furnish a surety bond with the state treasurer in an amount determined by the Department," *i.e.*, the DIA). For each one-year period from January 1, 2019 through January 1, 2024, DIA certified Steward as a self-insurer. Steward satisfied the security requirement for each one-year period by posting a bond issued by ASIC, with the first such bond issued on December 17, 2018, effective January 1, 2019, for the penal sum of $21,100,000.00. The ASIC bond issued on December 1, 2022 for Steward's self-insurance license for the licensed period of January 1, 2023 through January 1, 2024 was issued for the final penal sum of $21,950,000.00. The bond's purpose is to guarantee payment of any liability of Steward that may have arisen as a self-insurer. *Id.* § 25A(2)(b).

As a further guarantee of a self-insurer's ability to pay workers' compensation benefits, "every self-insurer shall make arrangements satisfactory to [DIA], by reinsurance, to protect it from *extraordinary losses* or losses caused by one *disaster*." M.G.L.A. 152, § 25A(2)(c) (emphases added). Steward purchased reinsurance policies from Hartford for each annual period from January 1, 2019 through December 31, 2023 to reinsure Steward's extraordinary losses, as provided for under M.G.L.A. 152 §25A(2)(c). Hartford agreed to indemnify Steward for workers' compensation benefits that Steward actually paid or was required by law to pay as a qualified self-insurer that is in excess of the applicable retention.

2

As a further backstop to protect employees when the system fails and employers are uninsured, the Commonwealth maintains the Trust Fund to pay injured employees. M.G.L.A. 152, § 65(2)(e).

Steward filed for bankruptcy on May 6, 2024. The bankruptcy court approved the Chapter 11 liquidation plan on July 25, 2025. From that point forward, Steward stopped paying Massachusetts workers' compensation benefits. This triggered ASIC's obligation to continue payments under the surety bonds secured for that purpose. On July 30, 2025, Massachusetts wrote to ASIC demanding that ASIC assume Steward's payment obligations under the bonds secured for that purpose.

On September 9, 2025, ASIC, Hartford, and others, including the Commonwealth, executed a Stipulation in the bankruptcy proceeding. In the Stipulation, ASIC agreed to pay certain of Steward's Massachusetts workers' compensation claims that first became payable July 25, 2025, through September 30, 2025, as more fully set forth therein. Upon information and belief, the payments made to Employee on this claim since then have been made by Steward in accordance with the Stipulation. The Stipulation was extended multiple times. ASIC, Hartford, and the Commonwealth have been involved in negotiations to resolve the payment of Steward's Massachusetts worker's compensation claims, including multiple mediations. These issues are also being litigated in the United States District Court for the District of Massachusetts in *Hartford Cas. Ins. Co. v. Sheri Bowles, et al.*, Civil Action No. 1:26-cv-11097.

## II.    ARGUMENT

The Court should reject Employee's Motion to Join insofar as it seeks to add Hartford as party. Hartford presently has no obligations to Employee.

Massachusetts General Laws, Chapter 152, Section 25A(2), requires workers' compensation self-insurers, like Steward, to secure a surety bond. M.G.L. c. 152, § 25A(2). The

purpose of the surety bond is to ensure that, if the self-insurer is unable to make payments on a workers' compensation claim, as in the case of a bankruptcy, the bond is available to make payments. *See* M.G.L. c. 152, § 25A; 452 C.M.R. 5.03. Upon information and belief, Steward, as a workers' compensation self-insurer, secured such a surety bond from ASIC for the period relevant to Employee's claim.

Steward's bankruptcy, which rendered it unable to continue to issue workers' compensation payments, triggered ASIC's obligation to ensure the continuity of payments through the surety bond. Upon information and belief, ASIC has been and continues to make payments on claims from the surety bond, including the Employee's claim. Also, upon information and belief, the surety bond has not been exhausted. Hartford, as the excess insurer, presently has no obligations to Employee. Accordingly, there is no basis to add Hartford as a party.

## III.    CONCLUSION

For the foregoing reasons, Hartford respectfully requests that this Court deny Employee's Motion to Join insofar as it seeks to add Hartford as a party.

Respectfully submitted,

HARTFORD CASUALTY INSURANCE COMPANY,

By its attorneys,

/s/ *Jonathan E. Small*
Jonathan E. Small (BBO No. 672480)
jsmall@rc.com
ROBINSON & COLE LLP
One State Street
Hartford, CT 06107
Tel: (860) 275-8238

Dated: June 12, 2026

4