UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 1:26-cv-11097-ADB |
| SHERI BOWLES, in her official capacity as Director of the Massachusetts Department of Industrial Accidents, *et al.* | § § § § | |
| *Defendants*. | § § | |

### PLAINTIFF'S MOTION FOR LEAVE TO FILE A
### REPLY BRIEF IN SUPPORT OF ITS MOTION TO STAY

Pursuant to Local Rule 7.1(b)(3), Plaintiff Hartford Casualty Insurance Company ("Hartford") respectfully seeks leave to file by July 2, 2026 a reply brief in further support of its motion to stay (ECF 34). In support of this motion, Hartford states as follows:

1. Hartford filed its motion to stay on June 23, 2026, which Defendant Atlantic Specialty Insurance Company (ASIC) did not oppose. *See* ECF 34. The Commonwealth Defendants[1] advised they would continue to discuss settlement with Hartford but "oppose[d] a stay for unspecified reasons." ECF 34-1 at 1, n.2; *see also id.* at 6.

2. The Commonwealth Defendants filed an opposition to the motion to stay on June 25, 2026 ("the Opposition"). *See* ECF 35.

3. Among other things, the Opposition raises for the first time an argument that this lawsuit and Hartford's stay motion are motivated by improper motives (they are not). The Opposition also raises several other arguments for the first time, including that the settlement with

---

[1] The Commonwealth Defendants are Sheri Bowles, in her official capacity as Director of the Massachusetts Department of Industrial Accidents; Lauren Jones, in her official capacity as Secretary of the Executive Office of Labor and Workforce Development of the Commonwealth of Massachusetts; and the Workers' Compensation Trust Fund.

ASIC does not impact this action, the propriety of potential complaint amendments Hartford has not yet proposed, and purported prejudice to injured workers despite Hartford already "agree[ing] to fund" their claims. *See id.* at 4. Hartford would like the opportunity to address the new arguments raised in the Opposition.

4.      A short reply of no more than five pages filed by July 2, 2026 will clarify and sharpen the relevant considerations before the Court and aid its ruling on the motion to stay without causing undue delay.

5.      The Commonwealth Defendants "do not plan to oppose Hartford's motion for leave to file a reply on the motion to stay."

Thus, Hartford respectfully requests that this Court grant it leave to file by July 2, 2026 a brief reply of no more than five pages in further support of its motion to stay (ECF 34).

Dated: June 29, 2026

Respectfully submitted,

**STEPTOE LLP**

*/s/ Alexander M. Wolf*
Sarah D. Gordon (*pro hac vice*)
Michelle S. Kallen (*pro hac vice*)
sgordon@steptoe.com
mkallen@steptoe.com
1330 Connecticut Avenue, NW
Washington, DC 20036
Tel: (202) 429-3000

Alexander M. Wolf (BBO # 685374)
awolf@steptoe.com
717 Texas Avenue, Suite 2800
Houston, Texas 77002
Telephone: 713-221-2300
Facsimile: 713-221-2320

*Attorneys for Plaintiff*
*Hartford Casualty Insurance Company*

## LOCAL RULE 7.1 CERTIFICATE OF CONFERENCE

I, Sarah D. Gordon, counsel for the Plaintiff in the above-captioned matter, hereby certify that I conferred with counsel for the Commonwealth Defendants by email regarding the subject of this motion for leave. The Commonwealth Defendants stated they "do not plan to oppose Hartford's motion for leave to file a reply on the motion to stay."

Dated: June 29, 2026                    Respectfully submitted,

                                        */s/ Sarah D. Gordon*


## CERTIFICATE OF SERVICE

I, Alexander M. Wolf, hereby certify that, on the date listed below, I caused this Motion for Leave to File a Reply Brief in Support of Hartford's Motion to Stay to be served upon all counsel of record by electronic mail and/or through the Court's ECF system.

Dated: June 29, 2026                    Respectfully submitted,

                                        */s/ Alexander M. Wolf*